IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| RICHARD WAYNE TAYLOR | § | |
| v. | § | CIVIL ACTION NO. 9:06cv272 |
| PAM PUGH, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Richard Taylor, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Taylor complains that on April 30, 2001, he received a 12-year sentence in Houston County, Texas, for assaulting another inmate, with this sentence to run consecutively to the sentence which he was already serving; the 12-year sentence was to begin when the earlier one ceased to operate.

However, Taylor says, for over three and a half years, Houston County District Clerk Pam Pugh failed to forward a copy of this judgment to the Texas prison officials. As a result, when Taylor's prior sentence ceased to operate, he was unconditionally released.

Pugh finally sent a copy of the judgment to the prison officials on October 29, 2004. On December 15, 2004, Taylor says, Pugh (acting on advice from the district attorney and/or the county attorney) issued a capias without an oath, affidavit, affirmation, or complaint, and without first seeing a judge. On December 17, 2004, Taylor was arrested by two F.B.I. agents.

After review of the pleadings, the Magistrate Judge issued a Report on February 16, 2007, recommending that the lawsuit be dismissed. The Magistrate Judge construed Taylor's lawsuit as

1

a challenge to the legality of his confinement, and stated that Taylor could not recover damages for allegedly unlawful confinement until he showed that the conviction or sentence had been reversed on appeal, expunged by executive order, declared invalid by a state trribunal authorized to make such a declaration, or called into question by a federal court's issuance of a writ of habeas corpus. *See* Heck v. Humphreyc, 114 S.Ct. 2364, 2372 (1994). The Magistrate Judge observed that under <u>Heck</u>, a maturity of a Section 1983 claim depends on whether a judgment in the Plaintiff's favor would necessarily imply the invalidity of his conviction or confinement, and stated that in this case, Taylor's pleadings make clear that a judgment in his favor would imply that his confinement is unlawful. Because Taylor had not met the <u>Heck</u> prerequisites, the Magistrate Judge recommended that the lawsuit be dismissed until such time as he has done so.

Taylor filed objections to the Magistrate Judge's Report on February 26, 2007. In his objections, Taylor says that on December 13, 2006, he discovered these defects in his pleadings and therefore filed an amended complaint. He says that this amended complaint added Houston County, Texas, as a named defendant and "entirely omitted" any claims that his arrest, seizure, and confinement were unlawful, as well as omitting any request for release from confinement.[1] Instead, he says, he pleaded that his procedural due process rights were violated and sought damages only, as well as injunctive relief against Houston County. He says that his amended complaint challenges the Houston County practice in issuing the capias on December 15, 2004, which led to a violation of his procedural due process rights. He says that this has no bearing on his April 30, 2001 conviction for assault.

However, the "procedural due process violation" of which Taylor complains was his arrest and confinement under the capias which he asserts was void. A holding in Taylor's favor on his central point that the capias was void would necessarily imply that his subsequent arrest and

---

[1] In fact, Taylor's amended complaint asserts that he was deprived of his liberty without due process, that he was arrested and seized by the F.B.I. agents without a valid capias, and that he was deprived of his right to being serving his 12-year sentence immediately, all of which claims show that a judgment in his favor would imply that his present confinement is invalid or unlawful.

2

confinement were unlawful, or raise issues concerning the calculation of his 12-year sentence. This brings him within the ambit of Heck, regardless of the relief sought in the complaint. Taylor's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the amended complaint filed by the Plaintiff, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Plaintiff are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another Section 1983 lawsuit raising the same claims as herein presented, prior to the satisfaction of the Heck preconditions, but without prejudice to Taylor's right to seek relief from his conviction or confinement through any lawful means, and also without prejudice to his right to refile this lawsuit at such time as the Heck preconditions are met. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **2** day of **March, 2007.**

_____
Ron Clark, United States District Judge